UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NATHANIEL DOWL, JR. | CIVIL ACTION |
| VERSUS | NO. 04-3087 |
| TULANE UNIVERSITY HOSPITAL<br>AND CLINIC d/b/a TULANE<br>UNIVERSITY MEDICAL CENTER | SECTION "N" (5) |

### ORDER AND REASONS

Before the Court is the Motion to Dismiss filed by the U.S. Department of Veterans Affairs. (Rec. Doc. No. 14). For the reasons that follow, the defendant's motion is GRANTED.

### I. BACKGROUND

On November 18, 2004, plaintiff Nathaniel Dowl, Jr., filed the above-captioned civil action, entitled "Petition for Court Approval of the Settlements of Medical Malpractice Claims and Claimant Demand for Payment of Damages from Patients' Compensation Fund," and purportedly filed in accordance with La. Rev. Stat. § 40:1299.44(C). *See* Petition, ¶ 1 (Rec. Doc. No. 1). Through his Petition, the plaintiff asks the Court to approve a settlement between him and defendant Tulane University Hospital and Clinic ("Tulane") and its employees and insurers.[1] *Id*., ¶¶ 4-5. The agreement, according to the petition, concerns certain acts of negligence alleged to have occurred

---

[1] The Petition names both Scottsdale Insurance Company and the Veterans Affairs Medical Center as "insurers" of Tulane. Petition, ¶ 4.

in 1999 and 2000.  *Id*., ¶ 2.  Plaintiff also requests the Court's assistance in obtaining from the Louisiana Patients' Compensation Fund ("PCF") damages in excess of the settlement amounts.  *Id*., ¶ 6.

On November 24, 2004, Magistrate Judge Alma Chasez issued a Report and Recommendation, recommending that this Court *sua sponte* dismiss the plaintiff's claims for lack of subject matter jurisdiction.  *See* Report and Recommendation (Rec. Doc. No. 3).  In the report, the Magistrate Judge found that "[t]he basis for the Court's jurisdiction is not readily apparent from a review of plaintiff's Complaint," reasoning that (i) the parties (Dowl and Tulane) are Louisiana residents, and therefore diversity jurisdiction is lacking; and (ii) plaintiff had failed to establish a basis for federal question jurisdiction.  *Id*., pp. 2-3.

In response, Plaintiff filed objections to the Report and Recommendation, claiming (i) the finding was contrary to the Louisiana Medical Malpractice Act ("LMMA"); (ii) the Veterans' Affairs Medical Center was a "nominal defendant" in the original Petition; and (iii) he had since filed an Amended Petition, through which he "add[ed] as [an] additional nominal party defendant the Veterans' Affairs Medical Center at New Orleans, as employer and insurer of Tulane University Hospital and Clinic...." *See* Objection to the Report and Recommendation (Rec. Doc. No. 5).  *See also* Amended Petition, ¶ I (Rec. Doc. No. 6).

On April 14, 2005, this Court ordered plaintiff to effect service on the Department of Veterans' Affairs Medical Center within twenty days. (Rec. Doc. No. 8).  The Amended Petition and original Petition were served on the U.S. Attorney for the Eastern District of Louisiana on April 27, 2005, s*ee* Summons Return (Rec. Doc. No. 11), and service was effected on the U.S. Attorney General on May 2, 2005.  *See* Summons Return (Rec. Doc. No. 12).  This motion to dismiss for lack

2

of subject matter jurisdiction filed by the Department of Veterans Affairs ("VA") followed. Plaintiff opposes the motion.

## II. LAW AND ANALYSIS

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a district court's subject matter jurisdiction.  The Court must grant a motion to dismiss for lack of subject matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case.  *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2nd Cir. 1996)).  A district court may dismiss an action for lack of subject matter jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the Court's resolution of disputed facts.  *See Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981); *see also Robinson v. TCI/US West Communications, Inc.*, 117 F.3d 900, 904 (5th Cir. 1997) (citations omitted).  The party who invokes federal court jurisdiction bears the burden of showing that jurisdiction is proper.  *Dow v. Agrosciences, LLC v. Bates*, 332 F.3d 323, 326 (5th Cir. 2003).

The VA argues in its motion to dismiss that subject matter jurisdiction does not exist over the claims against it for three reasons:  (i) the VA is not the insurer or employer of Tulane and/or its employees; (ii) an agency of the federal government, such as the VA, may not be sued in its own name; and (iii) to the extent plaintiff may have an action against the VA, which the VA denies, plaintiff failed to timely pursue an administrative remedy prior to filing this action.

As set forth above, plaintiff has filed this action against the VA, "as employer and insurer of Tulane University Hospital and Clinic" and its employees.  Amended Petition, ¶ I.  The

3

VA contends that this assertion is completely groundless as shown by the sworn declaration of Andree A. Boudreaux, Regional Counsel for the VA, wherein Mr. Boudreaux declares that the VA is a federal agency and is not an employer or insurer of Tulane University Hospital and Clinic d/b/a Tulane University Medical Center. *See* Declaration of Andree A. Boudreaux, ¶ 2 (Def.'s Ex. "A"). In opposition to the VA's motion, as in his original and amended petitions, plaintiff only makes a conclusory allegation that the VA is an insurer of Tulane. The Court finds, however, that the latter allegation is completely contradictory to other statements made in plaintiff's opposition memorandum. For instance, in a rather unintelligible manner, plaintiff explains that it is "not relevant whether Tulane had a contractual agreement with the VA for these two health care providers because, <u>by working for the VA</u>, the VA becomes their insurer."[2] Pl.'s Mem. in Opposition, p. 2 (emphasis added) (Rec. Doc. No. 15). Thus, plaintiff's own arguments and documents submitted in support thereof support the VA's factual assertion, as well as Mr. Boudreaux's declaration, that the VA was neither the employer or insurer of Tulane. Rather, the "qualified health care providers" referenced in plaintiff's opposition memorandum were employed directly by the VA. Any claims against the VA for their allegedly negligent conduct therefore must be brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680. Accordingly, any claims against the VA "as employer and insurer of Tulane" and its employees must

---

[2]Presumably, the two health care providers mentioned by the plaintiff are Drs. Bass and Sneed, with whom the plaintiff states that he reached a settlement agreement. *See* Mem. in Opposition, p. 3. However, nothing in plaintiff's submissions suggests that either of these two physicians was a Tulane employee at any time relevant to the claims at issue. Rather, the record suggests just the opposite. For instance, in a sworn declaration filed in a state court action, captioned *Nathaniel Dowl, Jr. v. Scottsdale Insurance Company, et al*, Civil District Court for the Parish of Orleans, No. 04-31, c/w 01-6899, Dr. Paul Rosenfeld, the Chief of Staff for the VA Medical Center, stated that the actions, if any, of David W. Bass, M.D., which were alleged to have been taken in December 1999 through April 2000, were undertaken while Dr. Bass was an employee of the VA. *See* Declaration of Paul Rosenfeld, M.D. (Pl.'s Ex. "C").

fail. Moreover, for reasons stated *infra*, plaintiff's claims, if any, brought pursuant to the FTCA, must also fail.

As a second ground for dismissal, the VA correctly states that the Department of Veterans Affairs is an improper party defendant, as a federal agency lacks the power to sue and be sued in its own name. *Galvin v. Occupational Safety and Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988) (stating that it is beyond dispute that the United States, and not the responsible agency or employee, is the proper party defendant in a [FTCA] suit"). *Accord Allen v. Veterans Admin.*, 749 F.2d 1386, 1388 (9th Cir. 1984). Plaintiff has not responded to this argument, and the Court is not aware of any legal theory plaintiff could assert to support his claim against the VA directly. Accordingly, dismissal for want of jurisdiction is warranted on this basis too. Nonetheless, the Court must consider whether plaintiff should be permitted to amend his pleadings pursuant to Fed. R. Civ. P. 15. The Fifth Circuit has consistently held that mistakenly failing to sue the proper party does not itself constitute the kind of circumstance which would permit denial of leave to amend. *See Ynclan v. Department of the Air Force*, 943 F.2d 1388, 1391 (5th Cir. 1991). In the case at bar, plaintiff should not be allowed to amend his petition to name the proper party defendant, as any such amendment by the plaintiff would be futile because (1) as stated elsewhere in this Order, plaintiff's cause of action, if any, against the United States for acts of employees of the VA is untimely, and (2) the LMMA does not apply to claims against the VA or its employees.[3] *See Foman v. Davis*, 371

---

[3] A review of plaintiff's Petition and Amended Petition demonstrates that plaintiff is proceeding against Tulane and the VA pursuant to the LMMA, particularly La. R.S. § 40:1299.44(C), which sets forth the procedure which must be followed when "the insurer of a health care provider or self-insured health care provider has agreed to settle its liability on a claim against its insured, and the claimant is demanding an amount in excess thereof from the [PCF] for a complete and final release." That procedure is initiated by the claimant's filing of a petition "with the court in which the [medical malpractice] action is pending against the health care provider, if none is pending, in the parish where the plaintiff or defendant is domiciled seeking (a) approval of an agreed settlement, if any, and/or (b) demanding

U.S. 178, 182, 83 S.Ct. 227 (1962) (holding that a court may deny leave to amend where an amendment would be futile).

As a third ground for dismissal, the VA argues that this Court lacks jurisdiction over the claims due to plaintiff's failure to timely pursue administrative relief under the Federal Tort Claims Act. The law is clear that, as the sovereign, the United States is immune from suit unless it waives its immunity and consents to be sued. *Prince v. United States*, 69 F.3d 46, 49 (5th Cir. 1995). It is also established that the prerequisite to suing the United States is written notice of a sum certain within a two-year period under the FTCA,[4] and that the plaintiff bears the burden of establishing timely and proper presentment. *See Wardsworth v. United States*, 721 F.2d 503 (5th Cir. 1983).

---

payment of damages from the [PCF]." La. R.S. § 40:1299.44(C)(1). The LMMA, however, has no applicability to the plaintiff's alleged claim against the VA, as the Act applies only to limit the tort liability of a "qualified health care provider" arising from medical malpractice. *See* La. R.S. § 40:1299.41, *et seq*. *See also Williamson v. Hospital Serv. Dist. No. 1 of Jefferson*, 2004-0451, (La. 12/1/04), 888 So.2d 782, 786. Courts have consistently held that the VA does not qualify as a qualified health care provider under the LMMA. *See, e.g., Johns v. Agrawal*, 99-0499 (La. App. 4 Cir. 11/17/99), 748 So.2d 514, 519. Rather, the plaintiff's only recourse against the VA for its alleged malpractice is to bring a claim under the FTCA, *See id.* at 516. Thus, plaintiff's request for court approval of the purported settlement as it concerns the VA has no proper basis in law.

[4]Under 28 U.S.C. § 2401(b):

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within <u>two years</u> after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim to which it was presented.

(Emphasis added). This requirement is echoed in section 2675(a) of the FTCA:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency.

Again, plaintiff's own submissions support the VA's assertion that this Court does not have jurisdiction over any FTCA claims because plaintiff failed to timely pursue administrative remedies. In support of his claim against the VA, the plaintiff attached a letter dated May 8, 2003 from Charles Cane, Staff Attorney for the VA, acknowledging receipt of plaintiff's FTCA administrative tort claim received by the VA's Office of Regional Counsel on April 23, 2003. *See* Correspondence dated May 8, 2003 (Pl.'s Ex. "D"). The letter indicates that Mr. Dowl's primary complaint as set forth in his administrative claim was the home health care given prior to Mr. Dowl's father's death on April 23, 2000. *Id*. It therefore appears from the record that approximately three years transpired from the damage-causing incident(s) and the filing of an administrative claim based on such. The plaintiff points to no other writing from him or a legal representative presented to the VA within the two-year period following his father's death. Thus, based on the undisputed facts as presented by plaintiff, it appears that this Court lacks jurisdiction over any tort claims plaintiff may have against the VA, as any such claims would be untimely.

For all the foregoing reasons, this Court finds that plaintiff has failed to satisfy his burden of establishing this Court's subject matter jurisdiction over his claims against the VA, and that dismissal of those claims is warranted.

### III.  CONCLUSION

For all the foregoing reasons, **IT IS ORDERED** that the Motion to Dismiss filed by the U.S. Department of Veterans Affairs is **GRANTED**.

New Orleans, Louisiana, this   22nd   day of August, 2005.

　　　　　　　　　　　　　　　　　　**KURT D. ENGELHARDT**
　　　　　　　　　　　　　　　　　　**United States District Judge**